UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTIN KINCHEN, | : | |
| Petitioner | : | CRIMINAL NO. 3:19-CR-00148 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the court is petitioner Quintin Kinchen's ("Kinchen") Motion to Vacate, Set Aside, or Correct his 48-month sentence of imprisonment imposed on November 4, 2020 (Doc. 66). Kinchen is currently serving his prison sentence at SCI Dallas in Pennsylvania. Kinchen's motion is filed pursuant to 28 U.S.C. §2255 and is based upon claims of ineffective assistance of counsel. Kinchen claims his counsel was ineffective for failing to assist him properly by barely staying in touch and informing him of beneficial legal options, and in neglecting his mental health condition.

On May 7, 2019, a two-count Indictment was returned against Quintin Kinchen for Mailing Threatening Communications under 18 U.S.C. §876(c). (Doc. 1). It was alleged that on or about March 15, 2019 to on or about March 19, 2019 and again on or about April 2, 2019 to on or about April 11, 2019,

Kinchen "did knowingly cause to be delivered by the United States Postal Service according to the directions thereon a communication addressed to an individual with the initials 'M.L.H.' at an address in Scranton, Pennsylvania 18503, containing a threat to injure the person of 'M.L.H.' In violation of Title 18, United States Code, Section 876(c)." (Doc. 1).

On September 1, 2020, Kinchen pled guilty to the first count of the Indictment. (Doc. 52).

A sentencing hearing before this court was held on November 4, 2020. Kinchen was sentenced to a total of 48 months imprisonment followed by a three-year term of supervised release. (Doc. 66). Count two of the Indictment was dismissed. *Id.*

On November 3, 2022, Kinchen filed his instant 28 U.S.C. §2255 motion to vacate, set aside, or correct his 48-month imprisonment sentence. (Doc. 76). On November 16, 2022, the Government filed its brief in opposition to Kinchen's motion. (Doc. 78).

Upon the court's review of the record in this case, Kinchen's §2255 motion, (Doc. 76), as well as the briefs of the parties, Kinchen's motion will be **DENIED** without the need for an evidentiary hearing.

I. **LEGAL STANDARD**

When a district court imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; see *United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice of thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. U.S.*, 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255

motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *U.S. v. Bates*, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallet v. U.S.*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *U.S. v. Ayers*, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted). Kinchen instant claims fall within the purview of §2255 since they challenge the validity of his sentence. *Bates*, 2008 WL 80048, *3 ("Claims of ineffective assistance of counsel may be brought in the first instance by way of a §2255 motion regardless of whether the movant could have asserted the claim on direct appeal.") (citing *Massaro v. U.S.*, 538 U.S. 500, 504, 123 S.Ct. 1690 (2003)).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Williams v. United States*, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the assistance of counsel for his defense." U.S. Const. Amend. VI. The U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984) established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," *id.*, 687, and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, 687-88.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.*, 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

- 5 -

reliable." *Id.*, 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, *cf. United States v. Valenzuela-Bernal*, 458 U.S. 858, 866-67 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*, 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.*, 694. Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." *Ayers*, 938 F.Supp.2d at 113 (citing *Strickland*, 466 U.S. at 700).

## II. DISCUSSION

This court has jurisdiction over Kinchen's motion under §2255 pursuant to 28 U.S.C. §§1331 and 2241.

In his §2255 motion, Kinchen makes two claims. First, that his counsel "failed to assist [him] proper[ly] as counsel when [counsel] barely stayed in contact with [him] to inform [him] o[f] what legal options would benefit [him]." (Doc. 76). Second, that his "mental health condition was totally neglected" by his counsel, which was relevant because the "psychotropic medication called Buspar" that he was prescribed made him feel and plead guilty. *Id.* However, putting these claims aside, Kinchen's motion was not filed in a timely manner and must be denied as a result.

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), there is a one-year statute of limitation on §2255 motions. This one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1). If a petitioner does not appeal their conviction, the conviction becomes final when the period for filing a notice of appeal expires, fourteen days after entry of judgment. *See* Fed. R. App. 4(b)(1)(A); *see also Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999). If a petitioner does appeal, however, *and* the conviction is affirmed on direct appeal, and the petitioner does not file a petition for certiorari, the

conviction becomes final 90 days after entry of the Circuit's judgment. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") However, the 90-day timeframe to petition for certiorari was extended to 150 days during the COVID-19 pandemic, from March 19, 2020, through July 19, 2021. *See* Order of United States Supreme Court of July 19, 2021, rescinding prior order of March 19, 2020.

Here, Kinchen filed a timely notice of appeal, but it was voluntarily dismissed by order on April 21, 2021. (Doc. 74). Kinchen never moved to reopen his appeal and never sought certiorari. Because Kinchen's appeal was never affirmed on direct appeal, but was instead voluntarily dismissed, there is a question of whether his judgment became final fourteen days after entry of judgment or if the longer timeframe established by the appeal process applies.

Even if Kinchen's timeframe to file his §2255 motion was extended to 150 days after the April 21, 2021, order dismissing his appeal, his deadline to file would be on or about September 18, 2021, when his conviction would become final. But Kinchen did not submit his motion into the prison mail system until October 31, 2022. *See Burns v. Morton*, 134 F.3d 109 (3d Cir.

1998) (holding that "petition was deemed filed at moment inmate delivered it to prison officials, for purposes of AEDPA's one-year limitations period"). So, even if the longer timeframe applies, Kinchen's motion was not timely and should therefore be dismissed.

However, Kinchen asserts that his failure to file in a timely manner was because he contracted COVID-19 shortly after arriving in prison. He claims that his ability to "function properly" and to "comprehend . . . [his] legal status" was impacted such that he could not file on time.[1] Even if this is true, there is no exception to the filing deadline on the basis of illness. Furthermore, the Supreme Court's temporary extension of the deadline during the COVID-19 pandemic was aimed at helping individuals in Kinchen's exact supposed position by giving them more time to file. Kinchen's §2255 motion will thus be denied because his filing was not timely as his conviction was already final.

In any event, Kinchen's motion is also meritless. Although he makes some general claims that his counsel did not stay in touch with him or take

---

[1] Kinchen's narrative regarding his struggle with COVID-19 invites speculation from a reasonable reader. He claims that after receiving 3 vaccinations he "could now comprehend and function properly." He seems to be suggesting that these acted as some sort of cure for his COVID symptoms, which runs counter to common understanding of how vaccines work.

his mental condition seriously enough, these claims in no way rise to the level of constitutional violations of the right to effective counsel.

### III. EVIDENTIARY HEARING

Although neither party requests an evidentiary hearing, it is worth addressing. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). *See United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992) (The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.") (citation omitted). However, the court need not accept the petitioner's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record." *Patton v. United States*, 2010 WL 3191887, *1 (W.D. Pa. 2010) (citing *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988)). A review of the motion as well as the law and the claims make it clear that Kinchen's allegations are without merit. The court finds that Kinchen is not entitled to an evidentiary hearing because the record

conclusively establishes that he is not entitled to the relief sought in his §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Kinchen has not shown either the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## V.  CONCLUSION

Based on the foregoing, the court will **DENY** Kinchen's §2255 motion in its entirety, (Doc. 76), without an evidentiary hearing. Further, no COA will issue. An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 11, 2023**
22-1328-01